BERANEK, Judge.
This is an interlocutory appeal from an order entered February 19, 1979, which granted a temporary injunction against collection of adjusted rents under a condominium recreational lease. Appellant was the defendant and lessor under the recreational lease. We reverse.
The injunction arises out of an action by appellee, DeSoto Park Condominium Association, Inc., which occupied the position of the lessee under a 99 year lease for condominium recreational facilities.
The trial court enjoined defendant from collecting or attempting, to collect adjusted rentals based upon a cost of living increase. The trial court found that the adjustment was at an interval less than ten years and that such was in contravention of Section 711.63(6), Florida Statutes (Supp.1974). This statute prohibits cost of living increases on condominium recreational leases at intervals of less than ten years.
The controversy presented here relates to the effective date of this statute and whether it applies to the facts presented in this case.
In early 1973 sales began on the DeSoto Park Condominium. Some 200 to 300 contracts for sale of units were executed prior to July 1, 1974. Each of these contracts contained a clause which incorporated certain condominium documents including the agreement for recreational facilities, declaration of condominium and by-laws. In paragraph 12 of the purchase agreement, the purchasers acknowledged receipt of the condominium documents which included the agreement for recreational facilities. In this agreement it was provided that an initial cost of living adjustment of the rent was to be paid by the condominium association on February 1, 1979, and thereafter adjustments were to be made on intervals of five years.
Clearly, the five-year provision set out in the agreement for recreational facilities would contravene the ten-year requirement in Statute 711.63(6), Florida Statutes (Supp. 1974), if the 1974 statutory amendment is applicable. The effective date provisions contained in Chapter 74-104 Laws of Florida provide for a general effective date as of October 1, 1974. Section 19 of Chapter 74^104 Laws of Florida states more specifically that nothing contained in Section 7Í1.-63 other than subsection (4) shall affect: “(a) Rights established by contract for sale of a unit by a developer to a prospective unit owner prior to July 1, 1974.” We find subsection (a) above to be controlling and hold the ten-year provision inapplicable. Since numerous contracts predated July 1, 1974, and since we construe the effective date provisions to make Section 711.63(6) inapplicable, the trial court erred. Legislation which diminishes the value of a contract right previously acquired and legal at the time of acquisition may well be unconstitutional. Dewberry v. Auto-Owners Insurance Company, 363 So.2d 1077 (Fla.1978). We need not determine the constitutional issue here though because we conclude the statutory amendment was inapplicable by its own terms and that the ten-year limitation on the rent adjustment did *878 not apply to the contractual rights acquired under the pre-July 1, 1974, contracts.
The trial court also found against appellants on the issue of waiver and estoppel. We do not decide this issue in view of our ruling above. We also do not pass upon the issues raised regarding bond and supersede-as.
The order below granting a temporary injunction is reversed and the matter remanded for further proceedings.
REVERSED AND REMANDED.
DAUKSCH, JAMES C., Jr., and SCHWARTZ, ALAN R., Associate Judges, concur.